*In re* JAIME CLASSEN GONZÁLEZ, JUEZ DE PAZ, querellado.

*Número:* O-77-388      *Resuelto:* 6 de mayo de 1980

*Héctor A. Colón Cruz, Procurador General,* y *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados de El Pueblo; *Luis A. Amorós,* abogado del querellado.

PER CURIAM: El Procurador General formuló cinco cargos contra el Juez de Paz Sr. Jaime Classen González por violación de los Cánones I, II y XXI de Ética Judicial con las siguientes especificaciones: I. Utilizar en su provecho y en dos ocasiones durante el mes de julio de 1975 un automóvil embargado que se hallaba en *custodia legis*; II, III y IV, admitir fianzas a favor de los acusados William Ferrer Clemente, Carlos Santiago Maysonet y Gilberto Flores Martínez sin que el fiador, Félix Miranda Mercado, firmara en su presencia y sin examinar el título de la propiedad dada en garantía; y V, dejar de registrar e informar la admisión de una fianza para excarcelación de Ángel Luis Otero.

Este Tribunal designó al abogado Sr. Santiago Soler Favale Comisionado Especial quien recibió toda la prueba del Procurador General y del querellado en la vista del 13 junio, 1979 y emitió informe y conclusiones en que estima probados los siguientes hechos:

El Lic. Ismael Cuevas Velázquez, abogado del demandante que había embargado un automóvil "Dodge" 1970, le pidió al juez de paz le permitiera dejar, frente a la casa de éste, el vehículo embargado porque el abogado vivía en un área de alta incidencia de hurto de automóviles y temía por la seguridad del vehículo. El juez accedió y el vehículo permaneció estacionado frente a su residencia por unos días. El Comisionado no estimó probado el cargo de que el querellado hubiera hecho uso del automóvil embargado durante el mes de julio de 1975.

El 22 agosto, 1975 el querellado, a súplica del abogado Sr. Francisco Valcárcel, se personó al Tribunal Superior, Sala de Bayamón, donde legalizó la firma del fiador Félix Miranda Mercado en dos pliegos de fianza a favor de William Ferrer Clemente por $1,000 y $9,000; tres a favor de Carlos Santiago Maysonet, por $3,000, $1,000 y $3,000; y tres a favor de

Gilberto Flores Martínez por $5,000, $2,000 y $500.00. Al llegar el juez querellado al tribunal, los pliegos de fianza estaban llenos con la información anotada por el Lic. Valcárcel o bajo su dirección. Él era abogado de Ferrer Clemente y del fiador Miranda Mercado quien se hallaba en el tribunal para la vista de su moción solicitando fianza en apelación. Antes de tomar juramento y firma al fiador, el querellado leyó la información puesta en cada pliego; él conocía al fiador y sabía que había servido como tal en otras ocasiones. No examinó el título de la propiedad ofrecida en garantía ya que no estaba disponible en el momento, y dependió de la afirmación del abogado en cuanto a haberla examinado él ese mismo día. En los pliegos se señala a dicho inmueble, que consta inscrito en el Registro de la Propiedad, un valor de $60,000; el fiador declaró que un banco lo había tasado en $31,500 y la certificación del Registro no brinda claridad ni certeza respecto a dicho extremo. El total afianzado es de $24,500.

El cargo V en que se imputa al juez querellado haber admitido fianza para excarcelación de Ángel Luis Otero el 24 marzo, 1976, la cual ni registró, ni informó al tribunal quedó totalmente desprovisto de prueba ante el Comisionado que en su informe expresa: "... no encontramos nada que sostenga lo imputado en el Cargo núm. V. Si alguna conclusión puede derivarse del contenido de la declaración jurada prestada por el querellado, ésta sería que él no autorizó ni admitió la fianza a que se refiere el Cargo número V por lo que no tenía que registrar ni informar la misma." *Ibid.*, pág. 8.

El Procurador General presentó un escrito titulado "Comentarios al Informe del Comisionado" en el que de modo indirecto pero explícito acepta la insuficiencia de prueba en los cargos II, III y IV; admite la total ausencia de prueba en el cargo V; y sólo plantea una débil objeción a las conclusiones del Comisionado en el cargo I impugnando su apreciación de la prueba, aduciendo que debió presumir que el automóvil se utilizó ilegalmente a pesar de que ningún testigo vio al juez usándolo, pues en el año en que dijeron haber visto el auto

circulando ya éste no se hallaba disponible frente a la residencia del querellado. Hemos examinado el récord taquigráfico de la audiencia ante el Comisionado y encontramos que sus conclusiones se ajustan a derecho y justifican plenamente la exoneración del juez querellado.

Surge del récord que en 8 agosto, 1977 el Fondo del Seguro del Estado dictó resolución compensando al juez querellado por incapacidad relacionada de 35% de sus funciones fisiológicas generales, como consecuencia de accidente ocurrido el 25 marzo, 1975 al caer por las escaleras del tribunal, determinándose una condición de neurosis de ansiedad moderada; y que en 12 septiembre, 1977 el querellado presentó la renuncia de su cargo en carta cursada al Gobernador de Puerto Rico quien a la fecha no ha tomado acción sobre la misma.

*Con estos antecedentes y fundamentos se dictará sentencia absolviendo al querellado de los cargos, y de no aceptarse su renuncia por el Gobernador de Puerto Rico dentro de los treinta días siguientes de notificado de esta decisión, ordenando la reposición del querellado en su cargo de Juez de Paz con abono de salarios dejados de percibir desde que fue suspendido de empleo y sueldo el 6 septiembre, 1976.*

El Juez Asociado Señor Torres Rigual no intervino. El Juez Asociado Señor Negrón García se inhibió.